## SEMINOLE TOWNSITE CO. v. TOWN OF SEMINOLE *et al.*

No. 2204.   Opinion Filed March 11, 1913.

(130 Pac. 1098.)

1. **MUNICIPAL CORPORATIONS—Ordinances—Presumed Validity.** When a municipality, acting within the scope of its authority, has passed an ordinance, it is presumptively valid; and before a court will be justified in holding it invalid it should be manifest that the discretion imposed on the municipal authorities has been abused by the exercise of the power conferred in an arbitrary manner.

2. **APPEAL AND ERROR—Assignments of Error—Review—Requisites of Briefs.** An assignment of error will not be reviewed, unless that part of rule 25 (20 Okla. xii, 95 Pac. viii) of this

court is complied with which requires, in effect, that the brief of plaintiff in error shall contain an abstract or abridgment of the transcript, setting forth the material parts of the pleadings, proceedings, facts and documents upon which he relies, together with such other statements from the record as are necessary to a full understanding of the questions presented to this court for decision, so that no examination of the record itself need be made in this court.

(Syllabus by the Court.)

Dunn, J., dissenting.

*Error from District Court, Seminole County;*
*Robt. M. Rainey, Judge.*

Action by the Seminole Townsite Company against the Town of Seminole and the members of its Board of Trustees and Clerk to enjoin the enforcement of an ordinance providing for the construction of sidewalks in front of various lots owned by plaintiff in a certain town. Judgment for defendants, and plaintiff brings error. Affirmed.

*Lydick & Eggerman,* for plaintiff in error.

*Willmott & Dean,* for defendants in error.

KANE, J. This was an action commenced by the plaintiff in error, plaintiff below, against the defendants in error, defendants below, for the purpose of enjoining the enforcement of a certain town ordinance, which provides for the construction of sidewalks in front of various lots owned by the plaintiff in the town of Seminole. The court below granted a temporary injunction, which, upon full hearing, it declined to make permanent, and it is to reverse this action of the court that this proceeding in error was commenced.

Counsel for plaintiff in error contend that the ordinance attacked is void, for the reason that it is unreasonable, oppressive, extortionate, confiscatory, and discriminative, and so indefinite and uncertain as to be incapable of being understood. In answer to this counsel for the defendants in error say:

"We do not dispute that ordinances of such a town, to be valid, must not be unreasonable, oppressive, extortionate, or discriminatory, and must be so definite and certain as to be capable of being understood. The main question here is a question of fact, which was properly before the trial judge on the affidavits

introduced. That question was: Are the facts and circumstances such at Seminole that a court of equity would be warranted in sweeping aside the act of the board of trustees of the town of Seminole and substituting its judgment in its stead, saying that, under the circumstances, the trustees had acted unreasonably, and that the ordinance was open to the objections urged in the bill?"

Counsel state the salient features of the case with substantial accuracy.

We think there is evidence reasonably tending to support the action of the court below. That being so, this court would not be justified in setting it aside. This well-established general rule is specially applicable to the class of cases now under consideration.

In the case of *Le Feber v. Village of West Allis,* 119 Wis. 608, 97 N. W. 203, 100 Am. St. Rep. 917, the ordinance was attacked on the ground of unreasonableness. The court said:

"It is perfectly well settled in this state, as in most others, that municipal corporations are not completely beyond judicial review and control, even in the exercise of the jurisdiction and discretion delegated to them by the Legislature. True that discretion must and will be accorded broad scope and great deference. The honest judgment of municipal authorities as to what is promotive of the public welfare must ordinarily control, although not in accord with the views of the courts. Nevertheless the delegation of legislative power to subordinate political subdivisions of the state is solely for public purposes, and must be exercised with reference to them. If an act be so remote from every such purpose that no relation thereto can within human reason be discovered, such act must be deemed excluded from the delegation. To that extent, then, courts will inquire into the purpose and policy of municipal conduct, and will hold unauthorized and invalid acts which are wholly unreasonable."

All the authorities called to our attention are to the effect that it requires a clear and distinct case to justify a court in holding an ordinance invalid, when the municipality is acting within the scope of its power. As was said by Duffie, C., in the case of *Peterson v. State,* 79 Neb. 132, 112 N. W. 306, 14 L. R. A. (N. S.) 292, 126 Am. St. Rep. 651:

"It is a general rule that the determination of the question whether or not an ordinance is reasonably necessary for the pro-

tection of life and property within the city is committed, in the first instance, to the municipal authorities thereof by the Legislature. When they have acted and passed an ordinance, it is presumptively valid; and before a court will be justified in holding their action invalid the unreasonableness or want of necessity of such measure for the public safety and for the protection of life and property should be clearly made to appear. It should be manifest that the discretion imposed on the municipal authorities has been abused by the exercise of the power conferred by acting in an arbitrary manner."

In the case at bar there is the direct evidence of several disinterested witnesses to the effect that the improvements provided for by the ordinance in question are reasonably necessary to a town the size and importance of Seminole. This evidence is clear and convincing; but, even if we were in doubt on the question, we would be inclined to defer to the discretion and judgment of the municipal authorities.

There is an assignment of error to the effect that the ordinance involved is so indefinite and uncertain as to be incapable of being understood, but, as a copy thereof is not set out in the abstract by counsel for either party, as required by rule 25 (20 Okla. xii, 95 Pac. viii), the court cannot pass upon that assignment without an examination of the record itself; and therefore we decline to review it. Rule 25 is to the effect that the brief of plaintiff in error shall contain an abstract or abridgment of the transcript, setting forth the material parts of the pleadings, proceedings, facts, and documents upon which he relies, together with such other statements from the record as are necessary to a full understanding of the questions presented to this court for decision, so that no examination of the record itself need be made in this court.

Finding no error in the record, the judgment of the court below is affirmed.

HAYES, C. J., and WILLIAMS and TURNER, JJ., concur; DUNN, J., dissents.

I think it appears beyond doubt that the improvements cost *more than the value of the property,* and hence its requirement is unreasonable. I dissent. DUNN, J.