## E. I. DU PONT DE NEMOURS POWDER CO. v. DODSON et al.

No. 3981.    Opinion Filed May 4, 1915.

Rehearing Denied August 13, 1915.

(150 Pac. 1085.)

1.    **NUISANCE—Private Nuisance—Authority of Statute.** By virtue of section 4253, Rev. Laws 1910, nothing which is done or maintained under the express authority of a statute can be deemed a nuisance.

2.    **SAME—Powder Magazine.** By article 10, c. 67, entitled "Public Health and Safety," the statute undertakes to regulate the business of manufacturing, handling, or storing explosives. A powder company, pursuant to said article, selected a site and erected thereon its storehouse or magazine, and reported its action to the Chief Mine Inspector of the state, the officer charged with the enforcement of said article. Thereafter, and pursuant to the duty cast upon him by said article, the Chief Mine Inspector granted to said powder company a certificate approving the place, location, and maintenance of said storage house or magazine, whereupon, after fully complying with the provisions of said article, said powder company commenced to store explosives in said storage house or magazine. **Held,** that said storage house or magazine is maintained under the express authority of a statute, and cannot be deemed a nuisance and its maintenance enjoined in a suit in equity commenced by an adjoining landowner, notwithstanding the acts complained of would, in the absence of statutory authorization, constitute a nuisance.

(Syllabus by the Court.)

*Error from District Court, Muskogee County;*

*R. P. De Graffenried, Judge.*

Suit for injunction by Lillie M. Dodson and another against the E. I. Du Pont de Nemours Powder Company. Judgment for plaintiffs, and defendant brings error. Reversed and remanded, with directions.

*H. B. Martin, Chas. E. Bush,* and *Jno. Y. Murray, Jr.,* for plaintiff in error.

*Thomas H. Owen* and *Joseph C. Stone,* for defendants in error.

KANE, C. J.  This was a suit in equity, commenced by the defendants in error, plaintiffs below, against the plaintiff in error, defendant below, the prayer of the petition filed therein being:

"That the said defendants, their servants and employees be enjoined from maintaining said powder house and magazine, and from storing and keeping any explosives of any kind whatsoever in said house, and that they be required to remove the same; and for all proper relief."

The plaintiffs below were the owners of certain real estate upon which they resided and the facts upon which they rely for relief, as stated by them in their petition, are to the effect:  That the defendant, without the consent and against the will of said plaintiffs, erected and is now maintaining on the premises immediately adjoining the premises of said plaintiffs a powder house and magazine in which there is now being kept, and in which the said defendant expects and intends to keep, large quantities of blasting powder and dynamite and other combustibles and explosives; that they have reason to believe, and do believe, that there is now, and will hereafter be at all times, large quantities of said explosives, and in such amounts that if an explosion should occur it would greatly endanger the lives of the families and live stock of these

plaintiffs; that said powder house and magazine is within a short distance and about 400 to 600 yards from the residences of these plaintiffs and on the premises immediately adjoining the lot and pasture where plaintiffs keep and have their live stock, and said powder house is located in a thickly settled community, and within a few hundred yards of the persons who reside in that neighborhood, and greatly endangers the lives and safety of all of said persons, as well as these plaintiffs, and by reason of the fact that said powder, dynamite, and other explosives is liable at any time to be exploded, the maintaining said magazine with such explosives is a nuisance, and greatly endangers the lives of all said persons in that community, and depreciates the value of the property of such persons, including these plaintiffs, and renders it unsafe and dangerous for said plaintiffs to continue to reside in their homes, which were erected and in which they were in possession long prior ·to the time of the erection of said magazine; that many tons of dynamite and many tons of blasting powder are kept constantly and will be kept at all times, unless the defendant is restrained by this court, in said storage house and at said location, which is not the proper place for the same, while there are many suitable places for said storage, more remote from residences, highways, and communities of people; that said lands of the plaintiffs are situated in a very desirable residence district, and said lands are most suitable to be used in small tracts of from one to ten acres for garden, orchard, farming and suburban residence property, and the plaintiffs desire to use the same, and to subdivide said lands and sell same, but the storage of said explosives has destroyed the market value of the said lands for said purposes, and now prevents, and will continue to prevent, the sale of the same, unless said explosives and said explosive storage plant be removed.

It may be assumed for the purposes of this case that the petition alleges and the evidence establishes facts ordinarily sufficient to constitute a nuisance, and that the acts complained of were so specially injurious to the plaintiffs as to entitle them to maintain an action for their abatement in their own names; and yet, in the circumstances of the case before us, they would not be entitled to the relief prayed for. It is contended on the part of the defendant that the powder house complained of was erected and maintained under the express authority of a statute, and that by virtue of another statute (section 4253, Rev. Laws 1910) "nothing which is done or maintained under the express authority of a statute can be deemed a nuisance." The state, by article 10, c. 67, Rev. Laws 1910, entitled "Public Health and Safety," undertakes to regulate the business of manufacturing, handling, or storing gunpowder, blasting powder, dynamite, nyalite, jovite, dynalite, nasurite, falminates, nitroglycerin, any nitro explosive compound, any chlorate of potash explosive compound, any picric acid explosive compound, or any other explosive substance.

Section 6968 of said article requires any person engaging in such business to file with the Chief Mine Inspector upon blanks furnished by him upon application a complete statement of the location of such factory, storehouse, or magazine, and, if such site, storehouse, or magazine is found to be located at a safe distance from the nearest factory, workshop, mercantile or other establishment, occupied dwelling, schoolhouse, church, building in which people are accustomed to assemble, railroad or public highway, and to be so planned and managed as to insure as great safety as is consistent with the nature of the business, and if the facts required in such statement are fully set out therein and found to be true, then the

E. I. DuPont DeNemours Powder Co. v. Dodson et al.

said Chief Mine Inspector shall grant a certificate approving the plans, location, and maintenance of such factory, storehouse, or magazine as set forth in such statement; but such certificate shall not be granted for the manufacturing or storing of nitroglyecrin nearer than two and one-half miles to any incorporated city or town.

Section 6970 prohibits the manufacture of gunpowder, blasting powder, etc., or any other explosive substance and the storage in any quantity exceeding 100 pounds within the limits of any incorporated city or town or within 50 rods of any factory, except a factory plant engaged in the manufacture of explosives, or mercantile establishment, occupied dwelling, church, or schoolhouse, and within ten rods of any adjoining property not owned or leased by such person, partnership, or corporation, and further provides that no person, partnership, or corporation shall manufacture such explosives or store exceeding 100 pounds of the same without giving bond in the sum of $15,000, with good and sufficient surety, to be approved by the Secretary of State, conditioned for the payment of all damages that may result from an explosion caused by the negligence of any such person, partnership, or corporation in manufacturing, transporting, or storing any of said substances.

The evidence herein discloses that the foregoing sections of the statute were fully complied with by the plaintiff in error and the administrative officer of the state charged with its enforcement. In such circumstances there is no escape from the conclusion that the storage house herein complained of was erected and is maintained under the express authority of a statute, and therefore falls within the protection of section 4253, *supra,* and cannot be deemed a nuisance.

It seems to be well settled that, where one has the sanction of the state for what he does, unless he commits a fault in the manner of doing it, he is completely justified, provided the Legislature has the constitutional power to act. *Bellinger v. New York Central R. R.*, 23 N. Y. 42; *Currier v. West Side E. P. R. Co.*, 6 Blatchf. C. C. 487, Fed. Cas. No. 3,493; *Williams v. New York Central R. R. Co.*, 18 Barb. (N. Y.) 222. This upon the principle that, when the Legislature allows or directs that to be done which would otherwise be a nuisance, it must be presumed that the Legislature is the proper judge of what the public good requires, unless carried to such an extent that it can fairly be said to be an unwholesome and unreasonable law. *Sawyer v. Davis*, 136 Mass. 239, 49 Am. Rep. 27.

Counsel for defendants in error say in their brief:

"The contention by the powder company that it is absolved from liability overlooks the following points, either of which must defeat the company: The Oklahoma Constitution (article 2, sec. 23) provides:

" 'No private property shall be taken or damaged for private use, with or without compensation, unless by consent of the owner, except for private ways of necessity, or for drains and ditches across lands of others for agricultural, mining, or sanitary purposes, in such manner as may be prescribed by law.'

"These landowners have been damaged for private use without their consent. * * *"

It is true that, whilst the Legislature may legalize an act which might otherwise be a nuisance, it cannot authorize the taking or damaging of private property for public use without just compensation. *Chicago G. W. R. Co. v. First Methodist Episcopal Church*, 102 Fed. 85, 42 C. C. A. 178, 50 L. R. A. 488; *Miller v. Webster City*, 94 Iowa, 162,

62 N. W. 648; *Sadler v. City of New York,* 40 **Misc. Rep.** 78, 81 N. Y. Supp. 308. But plaintiffs' right to just compensation is not involved in this proceeding. The sole relief sought herein is for the abatement of an alleged nuisance, and this prayer cannot be granted, because the acts complained of constitute what Mr. Joyce in his "Law of Nuisances" (section 67) designates a legalized nuisance. However, it does not necessarily follow that the plaintiffs in a proper action would not be entitled to recover compensation for any damage to their property they may be able to establish. The rule in England that no damages or redress can be obtained in the courts for a nuisance, or any structure or use of real property, which does direct injury to private property, provided Parliament has authorized the same, and not provided for compensation for such injuries, does not and cannot exist in this country. The rule in England is founded on the unrestrained and unlimited power of Parliament to take or damage private property at will without compensation, whereas in this country our Legislatures are under constitutional restraints in respect to individual rights of property. Hence it has been held that, although a nuisance may be legalized, and therefore protected from indictment and against interference with it as a public nuisance, the one maintaining it may nevertheless be liable in damages to an individual for any damages he may sustain therefrom. *Sadler v. City of New York, supra; Caro v. Metropolitan Elev. Ry. Co.,* 46 Super. Ct. (N. Y.) 138.

The principle is invoked by counsel for defendants in error that, where a person is given authority by permission of statutes to carry on a certain trade, business, or occupation, or to erect a structure, and the locality is not designated, the person is not thereby authorized to carry

on such trade, business, or occupation, or to erect such structure at any place he may think proper, but must act with proper regard for the rights of others; and if by his act a nuisance is created, the statutes will not operate to exempt him from liability. This is a well-recognized principle of law, but the instant case does not fall within it, for the reason that, whilst the powder company originally selected the site for its storage house, the Chief Mine Inspector, pursuant to section 6969, *supra,* examined the statement filed with him by the powder company, and after a personal examination of such storehouse and magazine found the site thereof to be located at a safe distance from the nearest factory, workshop, occupied dwelling, etc., and upon finding such statement to be true issued a certificate approving the plans, location, and maintenance of such storehouse at the identical spot at which the same was located by the powder company. Clearly this is not a case where the locality is not designated.

For the reason stated, the judgment of the court below is reversed, and the cause remanded, with directions to proceed in accordance with the views herein expressed.

All the Justices concur.