## OKMULGEE PRODUCING & REFINING CO. v. PILSBRY-BECKER ENGINEERING & SUPPLY CO.

No. 11079—Opinion Filed March 13, 1923.

Rehearing Denied April 24, 1923.

(Syllabus.)

### Judgment—Process—Return and Recitals—Conclusiveness.

Sound public policy, the stability of solemn judgment of courts, and the security of litigants, demand that neither the officer's sworn return, nor the recital of service in the judgment based thereon, shall be set aside or contradicted except upon the most clear, cogent, and convincing evidence. Pettis v. Johnston, 78 Okla. 277, 190 Pac. 680. Record examined, and held, that the order of the court overruling the motion to vacate the judgment be affirmed.

Error from District Court, Okmulgee County; Mark L. Bozarth, Judge.

Action by Pilsbry-Becker Engineering & Supply Company against the Okmulgee Producing & Refining Company, to recover debt and foreclosure of lien. Judgment by default for plaintiff. Defendant filed motion to vacate judgment, which was by the court overruled. Defendant brings error. Affirmed.

W. H. McClarin, Poe & Lundy, and John E. Curran, for plaintiff in error.

R. W. Stoutz and E. J. Gilder, for defendant in error.

KENNAMER, J. This appeal is prosecuted by the Okmulgee Producing & Refining Company, a corporation, plaintiff in error, to reverse the order of the district court of Okmulgee county overruling the motion of the plaintiff in error to vacate a judgment by default of the district court of Okmulgee county entered on January 18, 1918, in favor of Pilsbry-Becker Engineering & Supply Company, a corporation, defendant in error, for the recovery of $9,804.46 for material, supplies, etc., $1,000 attorney's fee, and the foreclosure of a lien upon certain property belonging to the plaintiff in error. The parties to the action will be referred to as they appeared in the trial court.

The motion to vacate the judgment was filed by the defendant on the 23rd day of January, 1919, at the same term of court the judgment was rendered. The motion reads as follows:

"Comes now the Okmulgee Producing & Refining Company, by its attorney, Wm. H. McClarin, and moves the court to set aside the judgment of default which was rendered in the above case against this defendant, and in favor of the plaintiff on the 18 day of January, 1919, and as for grounds for said motion attached hereto is defendant's affidavit. Wm. H. McClarin, Attorney for Defendant."

On the 25th day of January, 1919, an affidavit signed by W. H. McClarin, attorney for defendant, was filed in support of the motion. The material statements of the affidavit, in substance, are: That the judgment is void and of no effect for the reason that the defendant was not lawfully summoned or served with proper summons in the manner provided by law, in that the purported summons alleged to have been issued in said cause by the clerk of the court under date of December 11, 1918, and served upon the resident service agent of the defendant at Oklahoma City, Okla., to wit, J. R. Jones, was not signed by the clerk of the court, as provided by the statutes and laws of this state; that said purported unsigned summons was the only summons or notice of any kind served upon the service agent of the defendant. A copy of an unsigned summons was attached to the affidavit as "Exhibit A," and it was alleged in the affidavit to be the copy served upon the service agent of the defendant.

The motion to vacate the judgment was presented to the court on the 31st day of May, 1919, and by the court overruled.

The original summons on which the sheriff of Oklahoma county made his return appears to be regular and the return thereof in proper form.

No answer was filed to the motion to vacate, and the question of vacating the judgment was submitted to the court wholly upon the affidavit filed by the attorney for the defendant in support of this motion to vacate.

It appears that two material questions are presented by the record of this case and

the assignments of error. First, was the affidavit filed in support of the motion to vacate sufficient evidence, under the rule announced by this court, to impeach the return of the sheriff showing proper service of a legal summons upon the defendant? Second, conceding the truth of the statements made in the affidavit as to the manner of the service of summons, was the service of the summons void for the reason the copy delivered to the service agent of the defendant did not bear the signature of the clerk? If it be held that the evidence introduced in the form of an affidavit is insufficient to overcome the presumption in favor of the truthfulness of the sheriff's return, it is then unnecessary to consider the second question. The rule in reference to contradicting the officer's sworn return, as announced by this court, is as follows:

"Sound public policy, the stability of solemn judgments of courts, and the security of litigants, demand that neither the officer's sworn return, nor the recital of service in the judgment based thereon, shall be set aside or contradicted except upon the most clear, cogent, and convincing evidence." Pettis v. Johnston, 78 Okla. 277, 190 Pac. 680.

The trial court in overruling the motion to vacate the judgment evidently was not convinced that the alleged copy of the summons attached to the affidavit, bearing no signature, was the copy served upon the service agent of the defendant, J. R. Jones. J. R. Jones, the service agent of the defendant, was in a better position to testify as to what kind of a summons was delivered to him than any other witness. He was not produced as a witness on the hearing of the motion to vacate, nor any affidavit from him presented, and no excuse offered as to why he did not testify. We believe that it would be a dangerous precedent to impeach the recital in a solemn judgment, or an officer's return of due and legal service of summons, upon such evidence as was presented in support of the motion to vacate the judgment in this case. If the copy of the summons attached to the affidavit filed in support of the motion is the same one delivered to the service agent of the defendant, Jones, it is possible that Jones is the only witness in a position to make such a statement except the officer making the service. The affidavit filed nowhere states that the affiant was present on the date of the service of the summons upon Jones, and we are clearly of the opinion that the evidence offered in support of the motion to vacate is wholly insufficient to overcome the presumption existing in favor of the

regularity of the service of the summons from the sworn return of the sheriff executing the writ. Having reached this conclusion it is unnecessary to determine whether the servce of an unsigned copy of the original summons, which was regular, constituted valid service.

The judgment of the trial court overruling the motion to vacate the judgment is affirmed.

JOHNSON, V. C. J., and McNEILL, NICHOLSON, COCHRAN, and BRANSON, JJ., concur.