## STALEY v. PARK et al.

No. 17354.   Opinion Filed Nov. 30, 1926.

Rehearing Denied June 21, 1927.

1. **Municipal Corporations—Street Improvement—Resolution of Necessity—Publication.**

Under section 4590, C. S. 1921, prescribing preliminary procedure to be followed by governing boards of cities and towns in making street improvements, the only resolution required is the one, after the approval and filing of the city engineer's specifications and estimates, declaring the improvements necessary to be done; and such resolution is jurisdictional and must be published.

2. **Same—Effect of Charter Provision as to Publication of Resolutions.**

While the provisions of a city charter, which has been duly adopted and approved, constitute the organic law of the city and supersede the statutory law of the state in conflict with such charter provisions in so far as such statutory laws relate to purely municipal matters, the provision of the city charter requiring resolutions adopted by the governing board to be published has reference only to such resolutions as are contemplated by charter provisions, or statutory enactment not in conflict with the charter.

(Syllabus by Jarman, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Cotton County; M. W. Pugh, Judge.

Action by T. N. Park against the City of Walters et al.; J. I. Staley, intervener. Judgment in favor of plaintiff, and intervener has appealed. Reversed and remanded.

Whiteside & Snodgrass, G. A. Paul, Marion Northcutt, and Madden & Hubbel, for plaintiff in error.

Amil H. Japp, J. T. Johnson, and W. A. Ruggles, for defendant in error T. N. Park.

Opinion by JARMAN, C. On December 30, 1919, the commissioners of the city of Walters, operating under charter form of government, determined or deemed it necessary to pave a certain district. The minutes of the meeting recite that a motion was made and carried to employ a city engineer and consulting engineers to prepare plans and profiles and to do the necessary surveying of the proposed paving district. At the

same meeting, a resolution, styled "Paving Resolution. No. 162" was passed defining the boundaries of the proposed paving district and embodying the substance of the motion, above referred to, with reference to the employment of a city engineer and consulting engineers, and directing the city engineer to prepare specifications and estimates of the cost of the project and to submit the same for consideration of the commissioners. The resolution was never published. On January 14, 1920, a special meeting of the commissioners was held and the minutes of the meeting show that the city engineer at that time submitted his "plans and estimates for paving" and, thereupon, the plans, specifications, and estimates of the city engineer were approved by the city commissioners and the same were duly filed with the city clerk and a resolution was passed declaring the improvements or paving necessary to be done. Said resolution was duly published. All further proceedings were carried on and the actual paving was done under and pursuant to the resolution of January 14, 1920.

This action was commenced by T. N. Park for himself and others similarly situated, to enjoin the collection of paving taxes assessed against property in the city of Walters for the payment of bonds issued therefor. The trial court held that the resolution of December 30, 1919, was the resolution of necessity and the one under which the city commissioners acquired jurisdiction to entertain the paving proceedings and since said resolution was not published as required by the city charter the same was void, rendering the entire proceedings null and void, including the bonds. J. I. Staley, who had intervened in the action as the owner of $484,000 of the bonds which he sought to have validated, has appealed from the judgment of the trial court.

The plaintiff amended his petition to allege that the resolution of December 30, 1919, was the resolution of intention under which the, paving was initiated and that said resolution was not published as required by the charter of the city of Walters and the laws of the state of Oklahoma. This amendment formed the basis of the trial court's holding that the entire proceedings were null and void. The trial court found that the resolution of December 30, 1919, "was the preliminary resolution of necessity by which the city commissioners sought to initiate the improvements involved herein and that the provisions of the city charter provided that said resolution could only become a valid resolution after the expiration of 30 days from its passage and that the same must be

published." It is conceded that said resolution was never published. The trial court concluded. as a matter of law, that the resolution of December 30, 1919, was jurisdictional, and since said resolution was never published, the city commissioners did not acquire jurisdiction to initiate the paving proceedings, and, therefore, all of such proceedings were null and void.

The only question considered by the trial court and the only one necessary to be determined here is whether the resolution of December 30, 1919, was the resolution of necessity and jurisdictional. The city charter provides no procedure for paving projects; therefore, the same is governed by statute. Section 4590, C. S. 1921, provides:

"When the mayor and council shall deem it necessary to grade, pave, macadamize, gutter, curb, drain, or otherwise improve any street. avenue, alley, or lane, or any part thereof, within the limits of the city, they shall require the city engineer to prepare complete and accurate specifications and estimates, and upon approval thereof by the mayor and council, he shall file the same with the city clerk, whereupon said mayor and council shall, by resolution, declare such work or improvement necessary to be done. Said resolution shall be published in six consecutive issues of a daily newspaper, or two consecutive issues of a weekly newspaper published and having circulation within such city."

Said section merely provides that when the mayor and city council, which applies to the city commissioners in the instant case, deem it necessary to pave, they shall require the city engineer to prepare complete and accurate specifications and estimates, and, upon approval thereof, the city engineer shall file the same with the city clerk. There is nothing in the language of the statute indicating or requiring that such action on the part of the city commissioners shall be by resolution. The only thing the statute provides with reference to the action of the city commissioners, after they shall have deemed it necessary to pave, is that they shall require the city engineer to prepare specifications and estimates. Such action could be taken by the commissioners without the formality of a resolution. It could be done by the passage of an ordinance or by motion. The language of the statute, supra, clearly indicates that such action is not required nor intended to be taken by resolution, since it provides that, after the approval of the specifications and estimates submitted by the city engineer and the filing of the same, "said mayor and council shall, by resolution. declare such work or improvement necessary

to be done." and further provides that such resolution shall be published. In other words. the city commissioners are permitted to employ any means they see fit in requiring the city engineer to prepare specifications and estimates, but when it comes to the point that the commissioners, after considering the specifications and estimates, finally decide to do the paving, they are required to pass a resolution to that effect, and, in order that the citizens whose property will be affected might be advised as to the complete action taken by the commissioners, the resolution in its entirety is required to be published. The first time a resolution is mentioned in said statute is after the city engineer shall have submitted his report of the specifications and estimates.

The only resolution required in connection with the instituting of the paving proceedings under consideration was that of January 14, 1920, which served as the judgment of the commissioners after having fully considered the evidence, to wit, the detailed report of the city engineer giving the specifications of the project and estimate of costs. It is conceded that said resolution was duly published, and. in fact, the entire procedure was in accord with the statutory provisions and requirements.

This court is committed to the view that the resolution. approving the specifications and estimates submitted by the city engineer and declaring the improvements necessary to be done, is the resolution of necessity and the jurisdictional one. In the case of Perkins v. City of Pawhuska, 106 Okla. 5, 232 Pac. 937, the city commissioners indulged in the formality of passing a resolution directing the city engineer to make specifications and estimates of the cost of the proposed improvements and to submit the same to the city commissioners for their consideration. We have heretofore pointed out that it was not necessary for such action on the part of the city commissioners to have been taken by resolution. After the city engineer's specifications and estimates of the cost of the proposed improvements were approved and filed, the commissioners of Pawhuska, on January 19, 1920, passed a resolution declaring the improvements necessary to be done and the same was duly published. In commenting on the question of jurisdiction, the court in the cited case used the following language:

"It is conceded that whatever was done to acquire jurisdiction of the paving project was attempted to be done under the provisions of Comp. Stat. 1921, secs. 4590 and 4591. It is also conceded, or at least not questioned, that the preliminary or necessity resolution of January 19, 1920, together with the specifications and estimates of the city engineer adopted at that time, were sufficient to confer jurisdiction on the city and its board of commissioners if the proceedings had thereafter been prosecuted without unnecessary delay. * * * Thereafter on May 6, 1920, the city commissioners proceeded to exercise the jurisdiction thus acquired by adopting a resolution determining to proceed."

In the case of Bocox v. Town of Bixby, 114 Okla. 269, 247 Pac. 20, this court, on the question of jurisdiction in the matter of making street improvements, used the following language in the body of the opinion:

"It will be observed that the authority (jurisdiction) to order street improvements is conferred upon the mayor and city council, * * * and that they may exercise such jurisdiction upon their own motion when they deem it necessary. This jurisdiction over the subject-matter in general is expressly conferred by said section upon the governing boards of cities and towns, and jurisdiction to order a particular improvement, as the paving of streets, is acquired by having specifications and estimates made, approved, and filed and by passing a resolution declaring a necessity for such improvement and by publishing such resolution as required by said statute. These are the necessary initial steps, and when taken in compliance with said section, then the governing board has acquired jurisdiction over the particular improvement in view."

It will be noted from the quotation in the last case cited that the court states that jurisdiction is conferred upon the governing board of cities and towns to order a particular improvement "by having specifications and estimates made. approved, and filed," and then "by passing a resolution declaring a necessity for such improvement and by publishing such resolution as required by said statute." In other words, all of these preliminary steps must be taken, but the only step that is required to be taken or evidenced by a resolution is the one declaring the improvement to be a necessity, after the specifications and estimates shall have been submitted, approved, and filed.

It is contended that, under section 2 of article 5 of the charter of the city of Walters, providing that every resolution shall be published before the same becomes effective, the resolution of December 30, 1919, requiring the city engineer to prepare specifications and estimates was invalid and without force and effect, since it was not published. We have heretofore called attention to the fact that no procedure is prescribed

by the city charter for initiating proceedings for paving purposes, and we have pointed out that there is no provision in the statute requiring the city commissioners to pass or adopt a resolution in order to require the city engineer to prepare specifications and estimates. It is well settled that a city charter, when adopted and approved, becomes the organic law of the city and its provisions supersede the laws of the state in conflict with charter provisions in so far as such laws relate to purely municipal matters. In re Initiative Petition of the City of Okmulgee, 89 Okla. 134, 214 Pac. 185. If the city charter of Walters or the statute of the state provided that the city commissioners should adopt or pass a resolution requiring the city engineer to prepare specifications and estimates, then the resolution of December 30, 1919, should have been published as required by the provisions of the charter hereinabove referred to; since said resolution was not provided for, nor required, by charter or statute, it was not required to be published. Said instrument, although designated and styled a resolution, does constitute an order or direction on the part of the commissioners requiring the city engineer to prepare specifications and estimates, as required by law. The provision of the city charter requiring all resolutions to be published has reference to such resolutions as are contemplated or required by statute or charter.

For the reasons given, the judgment of the trial court is reversed, and the cause remanded for a new trial.

By the Court: It is so ordered.

(On Rehearing.)

PER CURIAM. This matter is now before this court on application for leave to file second petition for rehearing. The court has reviewed the opinion and the record in this cause, and reaches the conclusion that the opinion should be supplemented and modified to this extent: That there should be added thereto the following, to wit: "That the trial court is instructed not to grant a new trial, but to dismiss the plaintiff's petition."

The application for leave to file second petition for rehearing is denied.

Note.—See under (1) 28 Cyc. pp. 978, 983. (2) 28 Cyc. pp. 274, 360 (Anno).