Ex parte HUGH DRAUGHN.

No. A-8601.    Oct. 27, 1933.
(26 Pac. [2d] 437.)

Jeff H. Williams and C. T. Rice, for petitioner.

J. Wm. Crawford, for respondent.

EDWARDS, P. J.   This is an original proceeding in habeas corpus.  Petitioner alleges he is unlawfully restrained by the chief of police of the city of Ada for an alleged violation of Ordinance 624, which prohibits the operation of pool halls within said city; that he was assessed a fine and costs in the sum of $19.75; that said ordinance is void and the restraint illegal.

The city of Ada is operating under a charter form of government.  February 9, 1915, it enacted Ordinance 334, prohibiting the operation of a pool or billiard hall in said city, fixing a maximum punishment at a fine of $100.   On June 12, 1919, amendatory Ordinance 422 was enacted, reducing the punishment fixed by Ordinance 334, to a maximum fine of $20.   In November, 1932, Ordinance 624 was enacted, prohibiting the operation of billiard or pool tables or a combination thereof for hire or gain, fixing punishment and declaring an emergency. This latter ordinance was not published until June, 1933. On July 21, 1933, petitioner opened a pool and billiard hall, after having obtained a license from the county judge, as provided by section 2423, O. S. 1931.   He was arrested and fine assessed, as stated.   Petition for habeas corpus was filed in this court and a rule to show cause issued.

The chief of police, in his response, states he is holding petitioner under a commitment issued for a conviction under Ordinance 334.

It is argued that since the operation of a pool and billiard hall is authorized under a statute and the county judge vested with power to grant a license, that a city is without power to prohibit the operation by ordinance; that there is a conflict of authority between the county court and the city government, citing Oklahoma City, Okla., v. Dolese (C. C. A.) 48 F. (2d) 734; section 6432, O. S. 1931; E. I. DuPont, etc., v. Dodson, 49 Okla. 58, 150 Pac. 1085.

By section 2423, O. S. 1931, providing for licensing pool hall operators, the Legislature did not intend to restrict a municipality in its police power to regulate, prohibit, or abolish pool or billiard halls. This is evident from the fact that section 2425, further provides:

"This act shall in no way impair the right of any incorporated city or town to impose an additional license fee for maintaining any such pool or billiard hall, or pool or billiard table; or to prevent any incorporated city or town from abolishing same under existing laws."

Also in section 5998, O. S. 1931, express power to restrain and prohibit is conferred, as follows:

"The city counsel of each city of the state and the board of trustees of each incorporated town or village shall have power to enact ordinances to restrain, prohibit and suppress games and gambling houses, bowling alleys, pool and billiard tables, and other gambling tables."

It is obvious that considering these sections together, the municipality has very broad power to protect its citizens by regulating, prohibiting, or abolishing pool and billiard halls. Section 2423 does not take away from the

municipality any of its power in this particular, it applies only in the event the municipality does not exercise its power. But even if the municipality does not exercise the power, a pool or billiard hall is not to be permitted to operate without any regulation, so by section 2423, power is conferred on the county judge to investigate and license or refuse to license the person seeking to operate. These statutes construed together do not conflict. The situation is analogous to that existing for a time under the prohibition laws. The federal authority might issue a liquor license to a citizen of the state, yet, by so doing, he was not authorized to violate the state Constitution and laws. There was no conflict of jurisdiction. The fact that petitioner was licensed by the county judge did not, in any manner, nullify the city ordinance prohibiting the operation of a pool hall, and his having a license did not constitute a defense to the charge.

It is also argued in this connection that the operation of a pool or billiard hall is a lawful business and the municipality was without power to declare it a nuisance except when the manner of operation was such as to constitute a nuisance; that is, the operation of a pool or billiard hall could not be declared per se a nuisance, citing sections 7873, C. O. S. 1921, section 11492, O. S. 1931; E. I. DuPont, etc., v. Dodson, 49 Okla. 58, 150 Pac. 1085.

It is well settled the Legislature may expressly or by implication delegate to municipal corporations the exercise of police power within their boundaries, subject to legislative discretion, and, when so granted, the authority of the municipality, within the scope of the power delegated, is as wide as that possessed by the state. Sections 2425 and 5998, O. S. 1931, are grants of power. Aside from the express grant of authority, it is true, generally

speaking, that a municipality cannot declare a thing a nuisance which is clearly not so. It may declare only those things a nuisance which in their nature, character, and tendencies come within the established definitions of a nuisance. But in addition to what has been said in reference to sections 2423, 2425, and 5998, our statute, section 11489, defines a nuisance as anything which annoys, injures, or endangers the comfort, repose, health, or safety of others. This is a definition of nuisance as at the common law. Before the enactment of section 5998, supra, the authority of a municipality to prohibit the operation of a pool hall was not expressly given, yet in Re Jones, 4 Okla. Cr. 74, 109 Pac. 570, 575, 31 L. R. A. (N. S.) 548, 140 Am. St. Rep. 655, it was held that an incorporated town had authority to declare pool halls a nuisance, and to prohibit them, the court saying:

"Our conclusions therefore are: First, that the Legislature may lawfully delegate to municipal corporations the power to declare what shall constitute a nuisance within its corporate boundaries, and the power to prevent, abate, or remove the same. Second, that under such delegation of power the municipality may not lawfully declare a thing a nuisance which clearly is not one, but that it may declare anything a nuisance which is so per se, or which by reason of its location, management, or use, or on account of local conditions or surroundings, may or does become a nuisance within the common-law or statutory definition thereof, or those things which in their nature may be nuisances, but as to which there may be honest dfferences of opinion in impartial minds. Third, that where a thing neither necessary nor useful may or may not be a nuisance, depending upon a variety of facts and circumstances, or upon local conditions and surroundings, the determination of the question by the municipality through its legislative body, is, under such a grant of power, conclusive upon the courts. And, fourth, that billiard halls and poolrooms are not protected as

necessary or useful institutions; that they may or may not be nuisances, depending upon circumstances; and that the determination of that question locally by the town trustees of Eldorado is conclusive upon us. We therefore hold the section of the ordinance in question to be valid."

We therefore conclude that since a pool hall, not being a necessity or useful business and being within the statutory definition of a nuisance, the city of Ada was fully authorized and empowered to enact an ordinance declaring pool and billiard halls a nuisance and that the ordinance so declaring is conclusive.

It is contended that Ordinance 334 is invalid for the reason that it was never published as required by law. The same contention is made as to Ordinance 624, but since respondent justifies his restraint of petitioner under Ordinance 334, we deem it unnecessary to consider the validity of the latter ordinance. Section 10, art. 111, of the charter of the city of Ada, provides in substance that all ordinances, except emergency ordinances, shall be published in some newspaper of general circulation in the city within ten days of its passage. Ordinance 334 has been in existence for more than 18 years, during which time no pool hall has been operated in that city. It is a well settled rule that ordinances are presumed to be valid until the contrary is proven. Seminole Townsite Co. v. Town of Seminole, 35 Okla. 554, 130 Pac. 1098; Santa Rosa, etc., v. Central Street Ry. Co., 4 Cal. Unrep. 950, 38 Pac. 986, at page 988; City of Atchison v. King, 9 Kan. 550. In the California case an ordinance treated by the city as valid for a term of 14 years, although not shown to have been signed and approved by the mayor, nor published, was upheld. In the Kansas case it was held that in a case where the city itself sought to have its ordinance declared invalid, that "the city having

passed the ordinance four or five years before it was offered in evidence, and having acted upon it as valid, will not now be allowed in such an action to deny its publication. \* \* \*"  The ordinance in question is presumed to have been enacted and published as required by law.

The writ is denied.

DAVENPORT and CHAPPELL, JJ., concur.