## WHITSON v. CITY OF ADA et al.

No. 24842. April 9, 1935.

H. W. Cabeen and Jeff H. Williams, for plaintiff in error.

J. Wm. Crawford, for defendants in error.

PER CURIAM. This is an appeal from a judgment of the district court of Pontotoc county. The parties appear in the same order in which they appeared in the trial court. The action was to procure an injunction to prevent the defendants from enforcing an ordinance of the city of Ada.

The record discloses that between June 7, 1933, and June 14, 1933, the plaintiff installed the necessary tables and other equipment for conducting a public snooker parlor and pool and billiard hall in the city of Ada; that the plaintiff had a large sum of money invested in his business; that the plaintiff prior to opening his place had procured a license from the county judge of Pontotoc county, authorizing him to maintain and operate a pool and billiard hall at the loca-

492

tion where he was operating his business; that the defendants ordered him to close and cease operating his place of business; that they threatened to arrest and prosecute the plaintiff daily, and threatened to close his pool hall and snooker parlor as a nuisance.

The city of Ada is a city of the first class operating under a special charter. The charter provisions material to a consideration of the issues in this case are as follows:

Sec. 2. "The city of Ada shall have power to enact and enforce all ordinances necessary to protect health, life and property and to prevent and summarily abate and remove nuisances and to preserve and enforce good government and order for the security of the city and its inhabitants; to enact and enforce all ordinances upon any subject; Provided, that no ordinance shall be enacted inconsistent with the general laws of this state, the state Constitution, or this charter."

Section 1, art. 3, vests the legislative powers in board of three commissioners.

Section 7, art. 3:

"* * * All ordinances passed by the board of commissioners, except emergency ordinances, shall take effect and become valid and binding at the expiration of 30 days from the date of their passage, unless otherwise provided in this charter."

Section 8: "No ordinance, except an emergency ordinance, shall be enacted on the day of its introduction; but all ordinances except emergency ordinances, after being introduced, shall lie over for at least one week before being voted on and adopted."

Section 9: "The board of commissioners, by unanimous vote, may pass an emergency ordinance when the public peace, public health, or public safety shall, in the judgment of the board, demand it. Every emergency ordinance must, as a part of the title, contain the words, 'And declaring an emergency', and every such ordinance shall, in a separate section, state such emergency and provide that such ordinance shall take effect and be in full force immediately upon its passage."

Section 10: "Except as otherwise provided by the Constitution and laws of the state, all ordinances, except emergency ordinances, shall be published in some newspaper of general circulation in the city of Ada, such publication to be within ten days from the passage of the ordinance."

Two ordinances were pleaded by the defendants and offered in evidence at the trial, numbered 334 and 624, respectively.

The material parts of ordinance No. 334 are as follows:

Section 1: "That it shall be unlawful for any person or persons, * * * to own, maintain, or operate any public pool and billiard hall or room, within the corporate limits of the city of Ada. * * *"

Section 2 prescribes penalties for violation of the ordinance.

Section 3 repeals ordinances in conflict, and provides, "That this ordinance shall take effect and be in force from and after its passage, approval and publication, as provided by the charter of the city of Ada."

This ordinance was passed and approved February 9, 1915.

The evidence does not prove that this ordinance was ever published. On the other hand, the evidence does not prove that it was **not** published. The evidence establishes, however, that from the time of the adoption of this ordinance until the plaintiff sought to open and maintain his pool and billiard hall, a period of about 18 years, no pool and billiard hall was maintained or operated in the city of Ada.

The portions of ordinance No. 624 material to the issues are as follows:

Section 1: "The operation or maintenance of any billiard, pool, or snooker table or tables, or combination thereof within the corporate limits of the city of Ada, for hire or gain or whereby a charge is made for playing thereon, is hereby deemed to be and declared a public nuisance and prohibited within the corporate limits of this city."

Section 2 prescribes penalties.

Section 3: Each day's continuance of the violation of the terms of this ordinance shall constitute a separate offense.

Section 4: "For the preservation of the public peace, health, and safety of the city of Ada and of the peace, health and safety of the inhabitants thereof, an emergency is hereby declared to exist by reason whereof it is necessary that this ordinance take effect and be in full force from and after its passage and approval as provided by the charter of the city of Ada."

This ordinance was passed and approved November 29, 1932. It was published June 15, 1933, two days before plaintiff's petition was filed in this case.

The trial court held that ordinance No. 624 was valid, and denied plaintiff an injunction.

In his brief the plaintiff asks a reversal of this judgment and relies upon two propositions:

First. Ordinance 624 of the city of Ada,

which the trial court held was a valid ordinance and upon which ordinance the court below denied the injunction, is void, either as an emergency ordinance, or general ordinance.

Second. A pool hall is not a nuisance per se, and the city of Ada, acting under its charter or under the statutes of the state of Oklahoma, had no right or authority to enact an ordinance declaring a pool hall a nuisance.

The defendants contend that both ordinances No. 334 and No. 624 are valid.

The charter of the city of Ada does not require the publication of emergency ordinances. It does provide that ordinances other than emergency ordinances must be published within ten days from the passage of the ordinance.

Ordinance 624 was published about six months after its passage and two days prior to the commencement of this action. It is urged by plaintiff that the charter provision is void because in conflict with section 4521, C. O. S. 1921 (6361, O. S. 1931) and section 6649, C. O. S. 1921 (section 5889, O. S. 1931).

Section 4521, C. O. S. 1921 (sec. 6361, O. S. 1931), provides in part:

"All ordinances shall be published as soon as practicable after they are passed, in some newspaper printed within the city, * * * and no ordinance having any object beyond the bare appropriation of money shall be in force until published as herein provided."

Section 6649, C. O. S. 1921 (sec. 5889, O. S. 1931), is as follows:

"No ordinance or resolution of a municipal Legislature shall become operative until 30 days after its passage and approval by the executive officer, unless the same shall be passed over his veto, and in that case it shall not take effect and become operative until 30 days after such final passage, except measures necessary for the immediate preservation of peace, health or safety, and no such emergency measure shall become immediately operative unless it shall state, in a separate section, the reasons why it is necessary that it should become immediately operative, and the question of emergency shall be ruled upon separately and be approved by the affirmative vote of three-fourths of all the members elected to the city council taken by ayes and noes, and the whole measure be approved by the executive officer."

In re Initiative Petition, etc., 89 Okla. 200, 214 P. 186:

"There are many decisions in this jurisdiction holding that a city charter, when adopted by the people and approved by the Governor, pursuant to foregoing constitutional authority, becomes the organic law of the city and the provisions of the charter supersede all laws of the state in conflict with such charter provisions, in so far as such laws relate to purely municipal matters. Lackey et al. v. State ex rel. Grant, 29 Okla. 255, 116 P. 913; State ex rel. Burns v. Linn, 49 Okla. 526, 153 P. 826, Ann Cas. 1918B, 139; Bodine v. Oklahoma City, 97 Okla. 106, 187 P. 209; Owen et al. v. City of Tulsa et al., 27 Okla. 264, 111 P. 320; Walton, Mayor, v. Donnelly, Commissioner of Finance and Accounting, et al., 83 Okla. 233, 201 P. 367."

A similar ordinance to the one in question enacted under the charter of the city of Lawton containing the following provisions: "An emergency ordinance shall take effect and be in force immediately upon its passage," was considered by the Criminal Court of Appeals of Oklahoma in Ex parte Bochmann, 20 Okla. Cr. 78, 201 P. 537, and it was held by that court that publication was not necessary to the validity of the ordinance. This seems to be the general rule.

"Where charter or statutory exceptions to the requirement of publication are made in case of emergency ordinances necessary for immediate preservation of the public health, peace and safety, such ordinances go into immediate effect without publication." 43 C. J. 542, sec. 842.

We conclude that ordinance 624 is valid.

Plaintiff earnestly contends that a pool hall is not a nuisance per se, and the city of Ada, acting under its charter or under the statutes of the state of Oklahoma, had no right or authority to enact an ordinance declaring a pool hall a nuisance.

Within constitutional limitations, the Legislature has the power to declare what shall constitute a nuisance; and in the exercise of that power is not restricted to declaring only such things a nuisance as were so at common law or are so per se. It may declare billiard and pool halls nuisances and forbid them. The Legislature may lawfully delegate to municipal corporations, to be exercised within their corporate limits, the power to declare what shall constitute a nuisance and to prevent the same. In re Jones, 4 Okla. Cr. 74, 109 P. 570.

Cities and towns are expressly authorized to prohibit pool and billiard tables by statute.

Section 5998, O. S. 1931, provides:

"The city council of each city of the state

and the board of trustees of each incorporated town or village shall have power to enact ordinances to restrain, prohibit and suppress games and gambling houses, bowling alleys, pool and billiard tables, and other gambling tables."

Section 2 of the charter of Ada, supra, is sufficient to authorize the enactment of the ordinance in question in this case.

In re Jones, supra, the court had under consideration an ordinance of an incorporated town declaring billiard halls a nuisance and prohibiting them within the town. At that time the statute authorized cities to prohibit pool and billiard halls, but did not expressly confer such authority on towns. The statute, section 5998, O. S. 1931, has since been amended and expressly confers such power on towns.

The defendants pleaded and proved ordinance 334 of the city of Ada as well as 624 as a defense to plaintiff's action. Since the trial of this cause in the district court, the Criminal Court of Appeals has held ordinance 334 of the city of Ada valid. We quote from the opinion of the court (Ex parte Draughn, 55 Okla. Cr. 139, 26 P. (2d) 437):

"Ordinance 334 has been in existence for more than 18 years, during which time no pool hall has been operated in that city. It is a well-settled rule that ordinances are presumed to be valid until the contrary is proven. Seminole Townsite Co. v. Town of Seminole, 35 Okla. 554, 130 P. 1098; Santa Rosa, etc., v. Central Street Ry. Co., 4 Cal. Unrep. 950, 38 P. 986, City of Atchison v. King, 9 Kan. 550. * * * The ordinance in question is presumed to have been enacted and published as required by law."

The fact that plaintiff had obtained a license from the county judge authorizing him to operate and maintain a pool and billiard hall did not prevent the city from prohibiting them within the corporate limits.

"By section 2423, O. S. 1931, providing for licensing pool hall operators, the Legislature did not intend to restrict a municipality in its police power to regulate, prohibit, or abolish pool or billiard halls. This is evident from the fact that section 2425 further provides:

" 'This act shall in no way impair the right of any incorporated city or town to impose an additional license fee for maintaining any such pool or billiard hall, or pool or billiard table; or to prevent any incorporated city or town from abolishing the same under existing laws'." Ex parte Draughn, supra.

The judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of Attorneys A. L. Zinser, M. C. Garber, and R. W. Simons in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Zinser and approved by Mr. Garber and Mr. Simons, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.