Ex parte FRED BASSETT.

No. A-9054.  April 24, 1936.
Rehearing Denied Aug. 7, 1936.

(61 Pac. [2d] 1021.)

Jeff H. Williams, for petitioner.

Pruett & Wamsley and J. Kenneth Hogue, for respondent.

DOYLE, J.  In his petition herein, Fred Bassett alleges that he is unlawfully imprisoned and restrained of his liberty in the town of Carnegie, by Watt Carruth, town marshal, for the alleged violation of a purported ordinance of said town; the same being Ordinance No. 13. That on the 18th day of January, 1936, your petitioner was tried and found guilty by the police judge of said town and was fined $11.50 and $7.50 costs, and upon his inability to pay said fine and costs was committed to the town jail for a period of 19 days.

That on the 18th day of September, 1935, the said town of Carnegie, acting through and by its trustees, did pass or attempt to pass said ordinance styled:

"Special Ordinance No. 13. An ordinance declaring all Pool and Billiard Halls, all Pool and Billiard Tables, all Pool or Billiard clubs or Club rooms, maintained or operated for hire or for charging the players a fee, all Snooker Games, and any other similar game, within the corporate limits of the Town of Carnegie, Caddo County, Oklahoma, to be a public nuisance, prescribing a penalty for the violation thereof, repealing all Ordinances in conflict herewith, and declaring an emergency."

Petitioner avers that said Special Ordinance No. 13, by authority of which he was arrested, tried, found guilty, and committed, is void and of no force and effect, in that thereafter within ten days after the purported passage of said ordinance there was filed with the town clerk of said town a notice signed by several citizens and legal voters of said town, notifying said board of trustees and the said clerk that they circulated a proper referendum petition demanding that said proposed Special Ordinance No. 13 be referred to the legal voters of said town of Carnegie, as provided by law.

That this referendum petition had the lawful effect of suspending the operation of said Ordinance No. 13 until the next general election at which public officials were to be elected. That for the reasons stated the police judge of said town was without jurisdiction to render the judgment and issue the commitment under which the petitioner is now held in custody.

Upon the filing of respondent's answer the following stipulation as to facts was also filed:

'It is hereby stipulated and agreed between the petitioner, Fred Bassett, and the respondent, Watt Carruth, that the facts and the evidence in this case are as follows:

"1. That Special Ordinance No. 13 was duly and legally passed and published.

"2. That the referendum notice described in the petition of Fred Bassett was duly filed with the town clerk of Carnegie, Oklahoma, that referendum petitions were filed with the town clerk of the Town of Carnegie on September 21, 1935.

"3. That no formal objections were filed as to the sufficiency of the said referendum petitions and that Ordinance No. 14 was duly passed and published by the Board of Trustees of the Town of Carnegie, Oklahoma, together with election proclamation published on October 2 and 9, 1935; that the election was held on said referendum petition on October 18, 1935, resulting in 315 votes being cast approving said Special Ordinance No. 13 and 133 votes being cast rejecting the said ordinance.

"4. That the said Fred Bassett was arrested upon proper complaint being filed on January 9, 1936; that he was tried and found guilty and fined on the 16th day of January, 1936, and committed to jail in the town of Carnegie on that date for nonpayment of fine and costs.

"5. That said Special Ordinance No. 13 contained an emergency clause in the following words:

" 'Section 6. It being immediately necessary for the preservation of the public health, peace and safety an emergency is hereby declared to exist by reason whereof this ordinance shall take effect and be in full force and effect from and after its passage, approval and publication.'

"That the said emergency clause was in a separate section and the question of emergency was passed and ruled upon separately and by separate vote and was approved by the affirmative vote of more than three-fourths of all the members elected to the Board of Trustees of the Town of Carnegie, Oklahoma, and that the ayes and noes were duly taken thereon and shown in the minutes of the clerk, and the whole measure was approved by the president of the Board of Trustees of the Town of Carnegie, Oklahoma, and attested by O. L. Weaver, the town clerk, with seal attached.

"This stipulation of facts is not to be construed to prevent either party from proving additional facts and offering other evidence that may be material to the rights of either party."

Counsel for petitioner in their brief say:

"That said stipulation of facts was in error wherein it was stipulated that an election was had on Special Ordinance No. 13, but that, in truth and in fact should recite that an election was had on 'A Proposition,' and nothing more.

"We respectfully invite and direct attention to such proclamation calling said election, such examination will disclose that Special Ordinance No. 13 was not submitted but that the people of Carnegie were called upon to vote upon 'A Proposition.' "

A careful examination of the record in this case leads to the conclusion that the writ should be discharged, and the petitioner remanded to the custody of the respondent.

The record shows that Special Ordinance No. 13 was duly and legally passed; that the emergency clause was in a separate section and was approved by the affirmative vote of more than three-fourths of all members of the board of trustees taken by ayes and noes.

On the part of the respondent it is contended where such an emergency clause is attached to an ordinance the referendum law does not apply.

Upon the record before us in this case that question does not arise, because it appears that the petition seeking the referendum on said ordinance fails to comply with the requirements of the statute.

The question presented was before the Supreme Court of Oklahoma in the recent case of Whitson v. City

of Kingfisher, 176 Okla. 145, 54 Pac. (2d) 616, 617, wherein it is held:

"A referendum petition upon a city ordinance must be in substantial compliance with the Constitution of Oklahoma, article 18, §§ 4(a), 4(b), and with sections 5867, 5869, 5872, 5887, 5888, O. S. 1931, and an attempted referendum petition not in compliance with such constitutional provisions and such statutes is invalid and will not suspend the operation of a city ordinance against which it has been filed."

And see In re Jones, 4 Okla. Cr. 74, 109 Pac. 570, 31 L. R. A. (N.S.) 548, 140 Am. St. Rep. 655; Whitson v. City of Ada, 171 Okla. 491, 44 Pac. (2d) 829.

It is evident from the record that the petitioner is not entitled to the relief prayed for.

The writ of habeas corpus heretofore issued will accordingly be discharged, and the petitioner remanded to the custody of the town marshal of Carnegie.

EDWARDS, P. J., and DAVENPORT, J., concur.