2007 OK CIV APP 115

**WOODLAKE ESTATES, INC., an Oklahoma corporation; David Bohlem and Emily Bohlem, husband and wife; L.E. Gerber and Ila Gerber, husband and wife; Don Campbell and Phyllis Campbell, husband and wife; Rick Carlisle and Charleen Carlisle, husband and wife; Shelly Koppitz, an individual; Buddy Sams and Jo Sams, husband and wife; Donald Benson and Donna Benson, husband and wife; Ed Sutter and Teresa Sutter, husband and wife; Jack Schubert and Sandra Schubert, husband and wife; C.J. Shalloup and Ramona Shalloup, husband and wife; Mike Jones, an individual; Brook Tunnell, an individual; Michael Cox and Mary Cox, husband and wife; Jim Ford and Donna Ford, husband and wife; Mary Brewer, an individual; and Dean Nusser and Patty Nusser, husband and wife [1], Plaintiffs/Appellees,**

v.

**Jeff STERNBERGER, an individual, and Bob Baker, an individual, doing business as Sternberger and Baker Cattle Company, Defendants/Appellants.**

No. 102,055.

Court of Civil Appeals of Oklahoma, Division No. 3.

Aug. 18, 2006.

Certiorari Denied Nov. 27, 2007.

6.  21 O.S.2001, § 691.

Katresa J. Riffel, Mitchel, Gaston, Riffel & Riffel, P.L.L.C., Enid, OK, for Plaintiffs/Appellees.

Daniel P. Stake, Stake and Henry, P.L.L.C., Kingfisher, OK, for Defendants/Appellants.

KENNETH L. BUETTNER, Chief Judge.

¶ 1 Plaintiffs are residents of a development called Woodlake Estates (collectively Woodlake Estates) which was initially developed in 1977. Defendants Jeff Sternberger and Bob Baker, d/b/a Sternberger and Baker Cattle Company, (Feedlot) began their cattle feedlot operation in 1989. Consequently, Woodlake Estates filed a Petition to Abate Nuisance, which was granted after five days of trial in February 1992. That judgment, finding the feedlot "incorrigible and not capable of being corrected," was affirmed on ap-

---

1. On January 25, 2005, Plaintiffs filed a Notice of Proper Parties Plaintiff: Woodlake Estates, Inc.; Sandra Schubert, Dean Nusser; Patty Nusser; Mike Jones; Brook Jones, formerly Brook Tunnell; Donna Benson; Don Campbell; Phyllis Campbell; Mary Brewer; Edward E. Sutter; Teresa J. Sutter; C.G. Shalloup; Ramona Shalloup; Ronald Flackman; Loretta Flackman; Phillipe Guilhem; Richard Miller; Betsy Miller; Buddy Sams; David Bohlen; Emily Bohlen; Max McDermott; and Jane McDermott. Additionally, Plaintiffs notified the court that the following were no longer proper parties due to having left the addition or for other reasons: I.E. Gerber; Ila Gerber; Michael Cox; Mary Cox; Jack Schubert; Rick Carlisle; Charleen Carlisle; Jim Ford; Donna Ford, and Don Benson.

peal.[2] The Oklahoma Concentrated Animal Feeding Operations Act, 2 O.S. § 9–200 *et seq.*, (OCAFOA) was enacted in 1969 as the Oklahoma Feed Yards Act.[3] Feedlot continued to maintain its license under both the Oklahoma Feed Yards Act and the OCAFOA. Feedlot filed a Motion to Modify the Order Abating Nuisance April 2, 2001. Feedlot had always maintained its license. Feedlot claims the conflict between the legislatively authorized license to operate the feedlot, under OCAFOA, and the judicial order to abate nuisance, must be resolved in favor of the license. The trial court disagreed. We affirm.

¶ 2 Feedlot raises two issues on appeal: (1) The conflict between the judicially issued "Order Abating Nuisance" and the legislatively authorized license to conduct concentrated animal feeding operations issued to Bob Baker must be resolved in favor of the legislatively authorized license; and (2) modifying the Order Abating Nuisance will not deprive the aggrieved parties of a remedy. The first issue is dispositive.

¶ 3 The trial court order, filed April 13, 2005, is detailed and sets forth the trial court's findings of fact and conclusions of law. It is set out in full:

### FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER DENYING MOTION TO MODIFY ORDER ABATING NUISANCE

This matter came on for hearing the 25th day of January, 2005, on the Defendants' Motion to Modify Order Abating Nuisance. The Plaintiffs appeared by their attorneys, Katresa J. Riffel and Edward E. Sutter, and the Defendants appeared with their attorney, Daniel P. Stake. Both sides presented evidence and argument on the motion. The Court makes the following Findings of Fact, Conclusions of Law, and Order.

#### A. Findings of Fact

1. *Background.* The Plaintiffs are homeowners who live near the Defendants' cattle-feeding operation. The Defendants are Jeff Sternberger (Sternberger) and Bob Baker (Baker). The Defendants purchased property near the Plaintiffs residences in 1989 and began construction and operation of a cattle feedlot on this property. This case originated when the plaintiffs filed suit alleging the Defendants' feedlot activities constituted a nuisance. After five days of trail [sic], this Court issued an injunction on February 7, 1992, enjoining the Defendants from operating a cattle-feeding operation on the subject property. The Defendants moved in 1992 to modify the court's decision. This motion was denied.

2. The Defendants appealed the Court's entry of an injunction. On April 5, 1994, the Court of Appeals issued its opinion affirming the District Court's Order.

3. The Defendants filed the current Motion to Modify Order Abating Nuisance on April 2, 2001.

4. Baker and Sternberger obtained a license to operate a feedlot, continued to renew the license before the 1992 injunction was granted, and have continued renewing it to the present date. (Transcript pg. 26, 1.12–15; pg. 27, l. 1–7; see also Exhibit 6 a-e)

5. The license renewal application for the Department of Agriculture has not changed since adoption of the new Oklahoma Concentrated Animal Feeding Operations Act (CAFO) (2 O.S. 9–210 et seq.) and its amendments. (Transcript pg. 28, l. 5–25; pg. 29, l. 1–25; pg. 30, l. 1–4; pg. 30, l. 24–25; pg. 31, l. 1–3).

6. The new CAFO Act did not require changes in the Baker and Sternberger feedyard. (Transcript pg. 31, l. 25; pg. 32, l. 2).

7. The new CAFO Act did not change or require odor abatement procedures for feedyards. (Transcript pg. 36, l. 1–5).

8. The defendants' presented no evidence of any change of circumstances and rely solely on the change in licensing procedure as their basis for requesting modification.

---

2. Case No. 79,256, mandated September 30, 1994.

3. The Oklahoma Feed Yards Act was amended in 1997, including a name change.

(See Defendants' Notice of Intent filed December 13, 2004).

9. The Plaintiffs presented substantial evidence that odor and fly problems were now reoccurring as a result of the Defendants' resumption of cattle feeding operations.

10. The new CAFO Act does not indicate that it is the intent of the legislature to invalidate injunctions granted prior to adoption of the new CAFO Act.

11. Cattle feeding operations in the Baker and Sternberger feedlot continue to be a nuisance as defined by the laws of the State of Oklahoma. (50 O.S. 1, et seq.)

12. The new license issued by the Department of Agriculture is not in conflict with injunctions issued prior to enactment of the new CAFO Act.

13. The actual license issued to Bob Baker for the Baker and Sternberger feedyard did not grant authority to maintain a facility previously adjudicated as a nuisance.

## B. Conclusions of Law

1. The enactment of the new CAFO Act is not retroactive. (*State ex rel. Crawford v. Guardian Life Insurance Co. of America*, 1997 OK 10, 954 P.2d 1235.)

2. The enactment of the new CAFO Act does not invalidate the prior injunction entered by the district court. (See CAFO Act).

3. The fact a license was issued by the Department of Agriculture does not invalidate this Court's prior injunction.

4. The license issued to Baker does not authorize him to interfere with the rights of Plaintiffs.

5. The enactment of the new CAFO Act does not eliminate nuisances. (See CAFO Act).

6. Compliance with CAFO license requirements does not eliminate nuisances or change a judicially determined nuisance into an acceptable activity. (See CAFO Act).

7. Section 9–210 of CAFO sets up a rebuttable presumption for nuisances, but does not eliminate nuisances.

8. The *DuPont* and *Weaver* cases cited by the Defendants do not apply to the current situation since in those cases an injunction was being requested by each Plaintiff and had not been granted prior to the amendment of the statutes at issue. In the present case, an injunction was issued years before the CAFO Act was adopted. Additionally, the new CAFO Act does not sanction nuisances in cattle feedyards. The statutes specifically recognize nuisances exist. (Section 9–210 of CAFO).

9. Changes in the CAFO licensing procedure did not change the law regarding what activities constitute a nuisance.

## C. Order

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the Defendants' Motion to Modify Order Abating Nuisance filed April 2, 2001, is denied. Signed this 8 day of April, 2005.

S/ Richard M. Perry
  Associate District Judge

¶ 4 Feedlot challenges Finding of Fact No. 12, "The new license issued by the Department of Agriculture is not in conflict with the injunctions issued prior to enactment of the new CAFO Act." The rule is that new legislation which affects a substantive right, operates prospectively only unless the legislature makes a clear statement to the contrary. *State ex rel. Crawford v. Guardian Life Insurance Company of America*, 1997 OK 10, 954 P.2d 1235. The CAFOA does not contain such a legislative expression.

¶ 5 The CAFOA contains a provision addressing nuisances. Title 2 O.S.2001 § 9–210(B) states:

1. Any animal feeding operation licensed pursuant to the Oklahoma Concentrated Animal Feeding Operations Act, operated in compliance with such standards, and in compliance with the rules promulgated by the Board, shall be deemed to be prima facie evidence that a nuisance does not exist; provided, no animal feeding operation shall be located or operated in violation of any zoning regulations.

2. Any animal feeding operation licensed pursuant to the Oklahoma Concentrated Animal Feeding Operations Act, operated in compliance with such standards, and in compliance with such standards, and in compliance with rules promulgated by the Board, that is located on land more than three (3) miles outside the incorporated limits of any municipality and which is not located within one (1) mile of ten or more occupied residences shall not be deemed a nuisance unless it is shown by a preponderance of the evidence that the operation endangers the health or safety of others.

¶ 6 That provision, does not legalize a nuisance. Rather, it suggests that even a properly licensed facility may be found to be a nuisance if the operation endangers the health and safety of others and is located within certain distance restrictions.[4]

¶ 7 On review of a Motion to Modify an Order to Abate a Nuisance, a matter of equity, we will not disturb the trial court's order unless it is clearly against the weight of the evidence or the trial court has abused its discretion. *Meinders v. Johnson*, 2006 OK CIV APP 35, 134 P.3d 858.

¶ 8 Feedlot relies on *Du Pont de Nemours Powder Company v. Dodson*, 1915 OK 256, 49 Okla. 58, 150 P. 1085. In that case, a powder company selected a site and erected a storehouse in compliance with the public health and safety code. The storage facility was certified to store explosives by the state chief mine inspector. Because it was erected and maintained in compliance with state law, it was held not to be able to be deemed a nuisance pursuant to 50 O.S. § 4, a law which remains current today.[5] That case established the principle of a "legalized nuisance." The difference in the cases, however, is that the OCAFOA specifically contemplates nuisance actions, even though with some restrictions. However, those restrictions have not been demonstrated to affect the 1992 order. That is, Feedlot has not shown that the injunction would not have issued or was prohibited under the CAFOA. Thus, the trial court's order, denying the motion to modify the injunction, is not against the weight of the evidence, nor an abuse of discretion.

¶ 9 AFFIRMED.

ADAMS, J., and MITCHELL, P.J., concur.

---

**4.** In this case, the evidence reflects that Feedlot is within one mile of Woodlake Estates.

**5.** 50 O.S.2001 § 4: Nothing which is done or maintained under the express authority of a statute can be deemed a nuisance.